IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



MANUEL SALDANA, §
　　　　　　　　　　　　　　　§
　　　Petitioner, §
　　　　　　　　　　　　　　　§
v. § 2:15-CV-0073
　　　　　　　　　　　　　　　§
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
　　　　　　　　　　　　　　　§
　　　Respondent. §

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MANUEL SALDANA. By his habeas application, petitioner challenges his December 19, 2012 conviction for the offense of aggravated robbery out of the 320th Judicial District Court of Potter County, Texas, and the 10-year sentence assessed for that conviction. *State v. Saldana*, No. 65,935-D.

## I.
## STATEMENT OF THE CASE[1]

On August 29, 2012, several individuals committed an aggravated robbery of a video gaming establishment and one of its patrons. One of the individuals demanded money and used or

---

[1] The following facts are derived from the Accident/Investigation Reports maintained by the Amarillo Police Department and attached as exhibits by petitioner in his state habeas corpus proceeding. *See* Docket Entry 10-3, pp. 76-85.

carried a deadly weapon, a firearm, during the commission of the robbery. At least three (3) other individuals scouted the establishment prior to the robbery, obtained and assisted entry into the establishment for the gunman, acted as the gunman's accomplice, and/or served as "getaway" drivers. The actions of these individuals, both inside and outside the establishment, were captured on video cameras. The Accident/Investigation Reports indicated petitioner was believed to have served as a scout prior to the robbery and was confirmed to have obtained and assisted entry into the establishment for the gunman and his accomplice.

On November 7, 2012, an Indictment was filed charging petitioner with the first degree felony offense[2] of aggravated robbery under section 29.03(a)(2) of the Texas Penal Code. The Indictment alleged petitioner, on August 29, 2012:

> [D]id then and there, while in the course of committing theft of property, intentionally or knowingly threaten or place Elva Flores in fear of imminent bodily injury or death and the defendant did use or exhibit a deadly weapon, namely, a firearm.[3]

The Indictment also alleged petitioner had previously been convicted of a felony in 2007 for purposes of enhancing the offense's minimum punishment from 5 to 15 years.[4]

On December 13, 2012, the prosecution offered petitioner a plea bargain whereby petitioner would receive the minimum sentence of 15 years in exchange for his guilty plea to the aggravated robbery offense.[5] The prosecution subsequently dropped the punishment enhancement paragraph, and recommended a 10-year sentence in exchange for petitioner's guilty plea to the aggravated

---

[2] "An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the institutional division for life or for any term of not more than 99 years or less than 5 years." Tex. Penal Code § 12.32 (2012).

[3] At the time, petitioner was also under two (2) separate Indictments for felony offenses of delivery of a controlled substance. *See State v. Saldana*, Nos. 65,026 and 65,027.

[4] Petitioner was also indicted on November 7, 2012 for the felony offense of unlawful possession of a firearm by a felon alleged to have occurred on September 19, 2012. *See State v. Saldana*, No. 66,107.

[5] The prosecution also offered a 7-year sentence in each of the other three cases.

robbery offense.

On December 19, 2012, petitioner entered a plea of guilty pursuant to the plea bargain, and executed a Judicial Confession averring he had read the indictment and had "committed each and every allegation" it contained, and that he was "guilty of the offense alleged as well as all lesser included offenses." The trial court accepted petitioner's guilty plea, found petitioner guilty of aggravated robbery as alleged in the Indictment, and assessed punishment at 10 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, as recommended by the prosecution.[6] Petitioner waived his right to appeal and did not file a direct appeal of his aggravated robbery conviction.

On August 22, 2014, petitioner purportedly placed in the prison mail system a state application for habeas corpus relief alleging ineffective assistance of counsel, and an involuntary guilty plea based on a lack of sufficiency of the evidence. On November 19, 2014, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Saldana*, No. 82,210-01.

On December 8, 2014, after the denial of his state habeas application, petitioner filed a motion for leave to file a petition for a writ of mandamus with the Texas Court of Criminal Appeals requesting the court compel the trial court to enter findings of fact and conclusions of law in the now-closed state habeas proceeding. On December 17, 2014, the Texas Court of Criminal Appeals denied petitioner's motion for leave without written order. *In re Saldana*, No. 82,210-02. On December 30, 2014, petitioner filed a petition for a writ of mandamus with the Court of Appeals for the Seventh District of Texas in Amarillo requesting the appellate court order the trial court to enter

---

[6]Petitioner also pled guilty to the other three (3) charged offenses and was assessed a 7-year sentence in each case.

HAB54\R&R\SALDANA-73.SOL-FINDINGS:2

Page 3 of 15

findings of fact and conclusions of law in the closed state habeas corpus proceeding. On January 9, 2015, the appellate court dismissed petitioner's application for a writ of mandamus for lack of jurisdiction. *In re Saldana*, No. 07-14-00449-CV.

On February 19, 2015, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system. Petitioner's application, however, was not received by this Court until March 6, 2015, when it was file-stamped and a federal habeas corpus proceeding opened.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of trial counsel in that counsel failed to investigate the circumstances of the aggravated robbery offense with which he was charged to discover he was not guilty of <u>any</u> offense much less the charged aggravated robbery offense; and

2. Petitioner's guilty plea, a result of trial counsel's misadvice due to his innocence of the charged offense, was involuntary and unknowing.

## III.
## PRELIMINARY PLEADINGS

On April 24, 2015, respondent filed an answer to petitioner's federal habeas application asserting the application should be dismissed as time barred. In her answer, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application.

On May 11, 2015, petitioner filed a reply to respondent's answer asserting he is entitled to equitable tolling of the limitation period, and/or that he did not discover the factual predicate of his claims until a date subsequent to his conviction becoming final and, therefore, the statute of limitations should not begin until the date he discovered his claims. Although not clearly stated in either his petition or his reply, petitioner appears to assert an actual innocence exception to the limitations bar.

On June 25, 2015, the undersigned ordered respondent to file a response to petitioner's reply. On July 8, 2015, respondent filed the response asserting petitioner is not entitled to equitable tolling, or a later begin date for limitations based on the discovery rule, and contending petitioner has not demonstrated actual innocence as an exception to the time bar.

On July 23, 2015, petitioner filed a reply to respondent's response asserting he is actually innocent of the offense of aggravated robbery because he was not the individual who possessed and displayed the firearm, threatened the establishment or its patron, or committed the thefts from either the establishment or its patrons. Petitioner also asserts he is entitled to equitable tolling for the period he diligently requested his trial counsel allow him to review the discovery provided to counsel by the prosecutor, for the time period he filed various writs of mandamus at both levels of the state appellate courts, and for the periods he was transferred between units and was not permitted to use the unit law library. Petitioner alternatively asserts the begin date of the limitation period should not commence until after he or his representative received a copy of the discovery which included police reports and video tapes of the events on the day in question.

IV.
ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional

claims on the merits notwithstanding the existence of a procedural bar to relief. " *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (quoting *Herrera v. Collins*, 506 U.S.390, 404, 113 S.Ct. 853 (1993)). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Notwithstanding the fact that petitioner, in open court, entered a plea of guilty to the charged offense and executed a judicial confession admitting he committed the acts alleged in the Indictment, he now contends he is innocent. It appears he asserts that because he did not personally and/or directly threaten anyone, take property from the gaming establishment or a patron, brandish a weapon, or drive the other perpetrators from the scene, he is actually innocent of the offense of aggravated robbery and, therefore, should be excused from any time bar.

Petitioner has not shown actual innocence. An actor is criminally responsible as a party to an offense if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid another person to commit the offense. Tex. Penal Code

Ann. §§ 7.01(a), 7.02(a)(2) (Vernon 1974). A conviction under the law of parties requires a showing that, at the time of the offense, the parties were acting together, each contributing to their common purpose. Events occurring before, during, and after commission of the offense are considered to determine whether an actor was a party. *Burdine v. State*, 719 S.W.2d 309, 315 (Tex.Crim.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). While mere presence of an accused at the scene of a crime will not support a conviction under the law of parties, it is a circumstance which, combined with other facts, may be considered and show that the accused was a participant. *Valdez v. State*, 623 S.W.2d 317, 321 (Tex.Crim.App. 1981) (op. on reh'g).

      The evidence detailed in the police reports showed that petitioner was one of several persons who committed aggravated robbery. Video footage indicated petitioner "scouted" the establishment prior to the robbery and obtained entry into the establishment for the gunman and his accomplice. Witness interviews established petitioner's involvement with other suspects charged and not charged in the robbery. Petitioner has not demonstrated he was actually innocent as a party to the aggravated robbery offense. Moreover, petitioner has not presented "new, reliable evidence" that was not available in the underlying proceedings, nor has he shown that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found petitioner guilty. Moreover, as set out previously, <u>petitioner pleaded guilty to the aggravated robbery offense as alleged in the indictment</u> and averred that he committed each and every allegation contained in the indictment and that he was guilty of the offense as well as all lesser included offenses. Judicial confessions "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Likewise,

"[solemn] declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 97 S. Ct. 1621, 1629 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("Appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity."). Representations made by the defendant at a plea hearing, as well as the findings made by the trial judge accepting the plea, create a formidable barrier to a subsequent collateral attack. *Blackledge*, 97 S. Ct. at 1630. The facts presented by petitioner do not demonstrate he is actually innocent of the charged offense of aggravated robbery. Consequently, petitioner has not overcome any time bar for filing a federal habeas corpus petition.

## V.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions with regard to the limitations issue:

1. Petitioner was sentenced on December 19, 2012. Petitioner's judgment of conviction became final on **January 18, 2013**, when the 30-day period to file an appeal of his conviction and sentence expired.

2. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

3. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

4. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date (*see* discussion below regarding Discovery Rule).

5. The 1-year period of limitation in this case began on the date on which

petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A) (*see* discussion below regarding Discovery Rule).

6. Petitioner's federal habeas corpus petition was due on or before **January 18, 2014**, unless statutorily or equitably tolled.

7. Petitioner has not demonstrated he is entitled to any periods of equitable tolling from January 18, 2013 - January 18, 2014 (*see* discussion below regarding Equitable Tolling).

8. Petitioner's state habeas application, filed August 22, 2014 and denied without written order on November 9, 2014, was filed <u>after</u> the expiration of the limitation period and did <u>not</u> statutorily toll the 1-year statute of limitations.

9. Petitioner's federal habeas corpus application, filed February 19, 2015 when it was purportedly placed in the prison mailing system, was filed after the expiration of the statute of limitations and is time barred.

10. Petitioner has not demonstrated he is actually innocent of the offense of which he was convicted to establish an exception to the time bar (*see* discussion above regarding Actual Innocence).

For the reasons set forth by respondent and for the reasons below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED as time barred.

VI.
DISCOVERY RULE

A state prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, if the petition alleges newly discovered evidence as the basis for a claim or if the basis of the claim could not have been determined when the judgment became final, the filing deadline is one year from "the date on which the factual predicate of the claim or claims presented could have been discovered

HAB54\R&R\SALDANA-73.SOL-FINDINGS:2

Page 9 of 15

through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner maintains that prior to his guilty plea and sentencing, he requested he be allowed to view the evidence against him that had been provided to defense counsel, but was not allowed to do so because counsel did not have copies of the evidence with him when they would meet. Petitioner avers he requested copies of such evidence at sentencing, while he was in temporary detention in Potter County, and again after he arrived at his TDCJ unit. On or about March 12, 2013, petitioner's mother received a copy of much of the evidence in the form of police reports and videotapes. Petitioner argues the 1-year limitation period did not begin to run in this case until March 12, 2013, at the earliest, when he or his representative had possession of this written and video evidence. Petitioner argues the disclosed evidence establishes he is actually innocent of the charged offense of aggravated robbery and provides the bases for the claims he now asserts for habeas corpus relief.

First, the police reports and video footage from the gaming establishment prior to, during and after the robbery, are not "new" or "newly discovered" evidence. Such reports and video were available to petitioner and his counsel prior to and at the time of petitioner's guilty plea and conviction. Indeed, petitioner admits these evidentiary items were in his attorney's possession. Even if, as petitioner alleges, trial counsel did not give or show the "evidence" to him, petitioner nonetheless elected to proceed and plead guilty without reviewing that evidence. By pleading guilty, petitioner waived any error that may have existed as a result of him not personally reviewing the evidence. *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings against the defendant). Further, petitioner was well aware of his level of involvement prior to, during and

after the aggravated robbery even without personally reviewing the accumulated evidence. The factual predicate of petitioner's claims (ineffective assistance and involuntary plea) based on his level of involvement were already known to petitioner and were not suddenly discovered with the production of hard copies of the police reports and video footage. In fact, it appears petitioner is not arguing he was innocent but instead is arguing he is now of the opinion the State's evidence did not prove his guilt. His guilt, however, was not contingent on the evidence since his guilty plea provided the basis upon which to convict.

Second, even if petitioner did not receive a personal hard copy of the pre-trial discovery from defense counsel until on or about March 12, 2013, he could have, through the exercise of due diligence, discovered the factual predicate of his claims (ineffective assistance and an involuntary plea based on insufficiency of the evidence to support a conviction of aggravated robbery), prior to the expiration of the limitations period. Due diligence would require that petitioner obtain and view the discovery he indicates was so critical prior to entering a guilty plea on December 19, 2012. Petitioner's explanation or excuse that counsel did not possess a copy at the courthouse is not a sufficient reason for failing to insist that he be allowed to view the evidence against him prior to his judgment of conviction, and does not support a claim that he was diligent in discovering the factual predicate of his claims until a post-guilty plea/ post-conviction date. Of course, petitioner's decision to plead guilty without having viewed this evidence he now classifies as critical also indicates such evidence was not as critical as petitioner now claims it to be.

Lastly, even if the Court were to assume the content of the police reports and the video footage, rather than petitioner's own knowledge of the events of the day in question, provided the bases for petitioner's claims, such claims are unfounded and without merit (*see* Actual Innocence discussion above). Petitioner has not demonstrated the discovery rule of section 2244(d)(1)(D)

extended the trigger date for the start of the one-year limitation period.

## VII.
## EQUITABLE TOLLING

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id.* at 649, 130 S.Ct. 2549. Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 130 S.Ct. at 2565.

Petitioner argues the limitation period, which began January 18, 2013, should be equitably tolled for various time periods and/or numerous reasons:

Receipt of the pre-trial discovery. As discussed above, discovery of petitioner's claims was not dependent upon receipt of copies of the police reports and/or video footage at the time of the aggravated robbery. Petitioner was personally aware of his actions and what he did or did not do and was not prevented from timely asserting his claims through state and federal habeas corpus proceedings by not having the police reports or video footage in his possession. Petitioner is not entitled to equitable tolling from January 18, 2013 - March 12, 2013 while awaiting receipt of a copy of the police reports and video footage. Further, even if this time period alone were excluded, petitioner's federal habeas application would still not have been timely filed.

Transfers of custody/ access to law libraries. Petitioner appears to argue the limitation

period should be equitably tolled for the time period he was in transit between institutions or out of prison on a bench warrant and did not have access to law libraries. Petitioner also appears to assert the limitation period should be equitably tolled because even when assigned to a unit, he was limited to 10 hours per week in the law library. Petitioner's temporary lack of access to an institutional law library or limited access to a law library does not equitably toll the limitation period. Such impediments are common problems for inmates seeking post-conviction habeas relief and are insufficient to justify equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999).

<u>Corresponding to counsel, district clerk, trial judge and district attorney</u>. Petitioner asserts the limitation period should be equitably tolled for the period of time he spent writing trial counsel for assistance in pursuing an appeal and sending letters to the district attorney and trial court, arguing he should not have been charged with aggravated robbery, and requesting copies of documents from the district clerk (presumably from June 2013 through September 2013). These actions did not prevent petitioner from filing for state or federal habeas relief and certainly did not constitute an "extraordinary circumstance" preventing him from timely filing for federal habeas relief. Petitioner has not shown otherwise and has not demonstrated a "rare and exceptional" circumstance to support equitable tolling for this time period.

<u>Petitions for writs of mandamus</u>. Petitioner appears to argue the limitation period should be equitably tolled while he filed petitions for mandamus with the Texas Court of Criminal Appeals and the state intermediate appellate court seeking to compel the trial court to issue findings of fact and conclusions of law. These petitions for writs of mandamus were frivolous filings and did not qualify for statutory tolling, much less meet the threshold standards for equitable tolling, of the

HAB54\R&R\SALDANA-73.SOL-FINDINGS:2

Page 13 of 15

limitation period. Further, these petitions for mandamus were filed after the limitation period had expired on January 18, 2014. Petitioner has not shown extraordinary circumstances existed in order to equitably toll the limitation period.

## VIII.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Answer filed April 24, 2015 [Document #9] and Respondent's Response to Petitioner's Reply [Document #16], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MANUAL SALDANA be DENIED.

## IX.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this __22nd__ day of May 2017.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the

signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A part's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).